**CARLSBAD UNION SCHOOL DISTRICT OF SAN DIEGO COUNTY, Plaintiff-Appellee,**

v.

**Max RAFFERTY, etc., et al., Defendants-Appellants.**

**No. 24955.**

United States Court of Appeals, Ninth Circuit.

July 28, 29, 1970.

**338**

Richard L. Mayers, Deputy Atty. Gen. (argued), Thomas C. Lynch, Cal. Atty. Gen., Sacramento, Cal., for appellants.

Joseph Kase, Jr. (argued) Deputy County Counsel, Bertram McLees, Jr., San Diego County Counsel, San Diego, Cal., for appellee.

Before DUNIWAY and ELY, Circuit Judges, and BYRNE*, District Judge.

DUNIWAY, Circuit Judge:

This is a class action brought by certain California School Districts on behalf of all California Districts similarly situated, to prevent the defendant state officials from withholding certain state funds. Each District is a so-called impacted area as defined in Public Law 874 of the 81st Congress, Act of Sept. 30, 1950, ch. 1124, Title I, section 1, 64 Stat. 1100 [20 U.S. C.A. § 236 (1969)], and is entitled to receive and does receive federal aid under Section 3 of that statute. The laws of California provide for withholding certain state aid from such school districts, the applicable Code sections being §§ 17602, 17602.5, 17603, 17603.5, 17605 of the California Education Code. The purpose of the action was to have those statutes held invalid, and to obtain a judgment forbidding the withholding of state aid under those sections and requiring that the amounts withheld be paid to the affected districts.

The plaintiffs asserted invalidity of the state statutes on two grounds, first, that the statutes deprived the Districts of the equal protection of the laws, in violation of section 1 of the Fourteenth Amendment to the Constitution, and second, that the state statutes conflict with Public Law 81–874 and are to that extent invalid under the Supremacy Clause of Article VI of the Constitution. A three-judge court was convened. It held that there was no violation of the equal protection clause, and that the claim under the supremacy clause did not require a three-judge court. As a matter of procedural caution, the three-judge court and the single judge before whom the action was originally filed then proceeded together to decide the latter question. The single judge held that the state statutes do conflict with Public Law 81–874 and are to that extent invalid. He therefore also held that the State was legally required to pay to the Districts the state aid which they claimed and entered judgment accordingly. The three-judge court came to the same conclusion. The state officials appeal from the judgment of the single judge.

The sole question presented to us on this appeal is a narrow one. The appellants do not now argue that the judge was wrong in finding a conflict between the state statutes and Public Law 874. On the contrary, they concede that the statutes do conflict, and that the decisions to that effect in Shepheard v. Godwin, E.D.Va., 1968, 280 F.Supp. 869, Douglas Independent School District No. 3 v.

* Honorable William M. Byrne, United States District Judge, Central District of California, sitting by designation.

Jorgenson, D.S.D.1968, 293 F.Supp. 849 and Hergenreter v. Hayden, D.Kan. 1968, 295 F.Supp. 251, are correct. They do not claim that this is not a proper class action. They do not claim legal inability to comply with the judgment. They do not claim that the question should have been decided by the three-judge court rather than by a single judge. Their sole contention is that, by enacting Title III, section 305 of Public Law 90–576, the Congress relieved them of the liability here asserted, which is limited to aid that should have been paid during the fiscal year 1968–69.

Title III, section 305, subsection (a), of Public Law 90–576, enacted October 16, 1968, 82 Stat. 1064 at 1097, adds a new subparagraph (2) to the subsection (d) of section 5 of Public Law 81–874 reading as follows:

> "(2) No payments may be made during any fiscal year to any local educational agency in any State which has taken into consideration payments under this title in determining the eligibility of any local educational agency in that State for State aid (as defined by regulation), or the amount of that aid, with respect to free public education during that year or the preceding fiscal year, or which makes such aid available to local educational agencies in such a manner as to result in less State aid to any local educational agency which is eligible for payments under this title than such local educational agency would receive if it were not so eligible." [20 U.S.C.A. § 240 (d) (2) (1969)]

Subsection (b) of section 305 reads:

> "(b) The amendments made by subsection (a) shall become effective with respect to each State on the first day of the first fiscal year which begins after the adjournment of the first complete legislative session (at which State aid may be considered) of such State's legislature held after the date of enactment of this Act."

Subsection (b) makes it clear that subsection (a) does not apply to California's 1968–69 fiscal year, but does apply to its 1969–70 fiscal year. The question then is, does subsection (b) wipe out the legal obligation found by the District Judge to be imposed by Public Law 81–874? He held that it does not, and we agree.

The scheme of Public Law 81–874 is that Federal Aid to "impacted" districts is paid direct to the districts; it does not go to the state and thence to the districts. Nothing in Public Law 81–874 provides for withholding that federal aid if a state takes into account the fact that such aid is being received and withholds some of its own state aid for that reason. None of the three decisions cited above has that effect, nor does the judgment here appealed from. They only hold that the state may not withhold all or part of its aid because the District also receives the federal aid, and the remedy is not withholding of federal aid but a requirement that the State stop withholding its aid. The amount withheld by the State from impacted districts is about $16,000,000, but if all federal aid to California's impacted districts had been withheld by the United States, the amount would have been about $75,000,000.

It is thus apparent, and the appellants concede, that one purpose of section 305 of Public Law 90–576 was to put teeth into what was already the law, that a state could not reduce its aid to impacted districts because they were receiving aid under Public Law 81–874. The teeth are big ones. One obvious purpose of subsection (b) of section 305 is to hold back the bite of those teeth until the state legislatures could have a chance to change their laws so as to eliminate their unlawful features.

Appellants further argue, however, that subsection (b) goes further, and in effect, forgives the State's previous transgressions, so that, after the effective date of section 305, October 16, 1968, the State was no longer obliged to pay to the impacted Districts the moneys that it had withheld in violation of Public Law 81–874. The argument has a certain plausibility, because subsection (a) of section 305 does, in substance, recite

**340**

the legal effect of Public Law 81–874. We are not convinced, however. All of the language of subsection (a) is tied to and defines the circumstances in which the new and drastic penalty is to be imposed. The language begins: "No payments may be made during any fiscal year to any local educational agency in any State which has taken into consideration payments under this title in determining the eligibility of any local educational agency in that State for State aid * * *" And subsection (b) only postpones the effectiveness of "The amendments made by subsection (a)." If Congress had wished to do more than postpone the effective date of the penalty imposed by subsection (a), and to wipe out the State's liability to the Districts, it could, and we think it would, have chosen much more apt language to do so. Congress was well aware of the decision in Shepheard v. Godwin, *supra.* See S.Rep. No. 1386, 90th Cong., 2d Sess. 129 (1968). Nowhere in the legislative history is any disapproval of that decision expressed. Unfortunately, there appears to be no legislative history of subsection (b) of section 305. But we think that the language of section 305, considered as a whole, supports the decision of the District Judge, rather than the argument of appellants.

Affirmed.